Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorney for Plaintiff*
*Derrick Chung*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK CHUNG | CASE NO. **'15CV2721 L    NLS** |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: |
| vs. | THE FEDERAL FAIR CREDIT REPORTING ACT |
| | THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT |
| TRANS UNION, LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

## INTRODUCTION

1. Derrick Chung ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Trans Union, LLC ("Defendant") for failing to conduct a reasonable investigations into Plaintiff's disputes of the information in his credit report, failing to delete inaccurate information and failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer credit reports. Plaintiff allege as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

2. This action arises out of Defendant's violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA") and the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.1 *et seq* ("CCRAA").

## JURISDICTION AND VENUE

3. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

4. Supplemental jurisdiction exists for violations of the CCRAA pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

6. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the

2

Complaint for Damages

events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

## PARTIES & DEFINITIONS

7. Plaintiff is, and at all times mentioned herein was, a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company registered in Delaware under file number 2973851 with its principal place of business located in Illinois. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

9. The causes of action herein pertain to Plaintiff's "consumer report", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and "consumer credit report" as defined by Cal. Civ. Code § 1785.3(c) of the CCRAA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

10. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA and a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1788.3(d) of the CCRAA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of

Complaint for Damages

assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

### FACTUAL ALLEGATIONS

11. On or around November 1, 2006, Plaintiff and his wife jointly incurred a consumer debt to Country Wide Home Lending for a second mortgage on their residence in the approximate amount of $90,000. That debt was later transferred to Bank of America then transferred, sold, or assigned for servicing to Nationstar Mortgage, LLC ("Nationstar"). Defendant identifies this acct as beginning with 61297.

12. On October 29, 2009, Plaintiff filed a Joint Chapter 13 Bankruptcy in San Diego under case number 09-16431. Defendant was listed in the petition for notice purposes. Defendant received actual notice of the bankruptcy filing via the Court Certificate of Mailing, Document Number 9 (nine).

13. On January 22, 2010, Nationstar's lien on Plaintiff's residence securing the debt was voided in the bankruptcy by the Order Granting unopposed Motion to value residence and to Value Collateral and to avoid second trust deed held by Bank of America; with BNC Service, Document Number 18 (eighteen). Defendant received notice of that Order via the Court Certificate of Mailing, Document Number 19 (nineteen).

14. On July 14, 2015, after Plaintiff and his wife dutifully made all of their Chapter 13 plan payments for 5 (five) years, the bankruptcy Court entered the Discharge of Debtors After Completion of Chapter 13 Plan under Document Number 96 (ninety-six). Defendant received notice of the Discharge from the bankruptcy Court by way of the Court Certificate of Mailing re Discharge of Debtor After Completion of Plan, Document Number 97 (ninety-seven).

15. On or before August 27, 2015, Plaintiff checked his credit report on Defendant's website and was completely surprised to see that Defendant was still reporting roughly $79,000 of debt allegedly owed to Nationstar as well as a past due

4
Complaint for Damages

amount and late payments – despite receiving notice of Plaintiff's bankruptcy Discharge.

16. On August 27, 2015, Plaintiff filed a formal Dispute with Defendant and Nationstar and sent them both his bankruptcy Discharge Order.  Defendant completed the investigation of that Dispute without any significant updating.

17. On or around September 27, 2015, Plaintiff checked his credit report issued by Defendant again and still saw a Nationstar balance, etc.

18. On October 6, 2015, Plaintiff filed another Dispute with Defendant regarding the Nationstar debt and sent in his Discharge Order again.  Defendant completed the investigation of that Dispute without any meaningful updating.

19. On October 27, 2015, Defendant informed Plaintiff it had received his recent Dispute and would contact Nationstar for more information.  Clearly Nationstar is the last entity to ask for truthful information in this case.  Defendant already had all of the information needed to correct Plaintiff's credit report, but outright refused to do so.

20. On November 6, 2015, Plaintiff checked his credit report again on Defendant's website and instead of seeing that the inaccurate reporting had been corrected, he saw that Defendant listed the Nationstar debt at $79,573 with a monthly payment of $736 and $4,530 past due and payments being 120 (one-hundred twenty) days late.

21. On November 6, 2015, Plaintiff initiated a third Investigation and Dispute with Defendant regarding the Nationstar debt and Defendant still has not corrected its reporting.

22. On December 2, 2015, Plaintiff obtained a credit report from Defendant that continued to show Nationstar balances of with past due payments, etc.

23. All of these entries are completely inaccurate.  Defendant was advised of these inaccuracies multiple times and did nothing to correct them.

///

5

Complaint for Damages

24. Defendant is a professional credit reporting agency and its entire business revolves around credit reporting. It is well versed bankruptcy and the resulting discharge of debt that obligates it to report "$0 Balance".

25. Defendant failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his written disputes, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting or ensure maximum possible accuracy.

26. Defendant's false negative reporting caused actual damage to Plaintiff and his credit - which in this day and age is practically priceless. Plaintiff recently applied for a credit card and was denied based on the inaccurate credit report.

27. Plaintiff intends to move forward with his life and finances, but is unable to do so because of Defendant's willful defamatory credit reporting. A fake debt of $80,000 is a significant hindrance especially when coupled with false late payments, etc. Creditors will not lend Plaintiff capital to finance a vehicle, to improve his home or to start a business. Even if Plaintiff is able to obtain financing, it will surely carry an exorbitant interest rate, thereby costing Plaintiff thousands and thousands of dollars over the life of the loan. Plaintiff has been relegated to the credit netherworld as a result of Defendant's illegal actions.

28. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendant, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the FCRA:

> (a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or *delete the item from the file in*

*accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.*

*(a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—*

*(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation*; and

29. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

    (a) Identity and purposes of credit users. *Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c]* and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].

    (b) Accuracy of report. *Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.*

7

Complaint for Damages

30. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to Cal. Civ. Code § 1785.16 of the CCRAA:

> (a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.
> (b) In conducting that reinvestigation *the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information.* If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or

8

Complaint for Damages

irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, *the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.*

### FIRST CAUSE OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681I(A)(1)(A) & (A)(5)(A) AND 1681E(A)&(B)

31. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

32. As a credit reporting agency, Defendant is required to comply with 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A) and 1681e(a)&(b) of the FCRA.

33. Plaintiff is informed and believes that Defendant violated 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A) of the FCRA after he lodged written disputes with it in August, October and November of 2015 by failing to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failing to correct or delete the information, failing to consider all relevant information supplied by Plaintiff in his disputes and failing to employ and follow reasonable procedures to prevent such inaccurate reporting.

34. Plaintiff is informed and believes that Defendant violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information about which Plaintiff complained.

35. As a result, Plaintiff has suffered damages as described above.

### SECOND CAUSE OF ACTION
### CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.16

36. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

37. As a credit reporting agency, Defendant is required to comply with Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA.

38. Plaintiff is informed and believes that Defendant violated Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA after he lodged written disputes with it in August, October and November of 2015 by failing to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failing to correct or delete the information, failing to consider all relevant information supplied by Plaintiff in his disputes, failing to employ and follow reasonable procedures to prevent such inaccurate reporting and maintaining the very inaccurate information about which Plaintiff complained.

39. As a result, Plaintiff has suffered damages as described above.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FCRA

40. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
41. Statutory damages of $1,000 for each violation pursuant to 15 U.S.C. § 1681n(a)(1);
42. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
43. Injunctive relief to command Defendant to correct Plaintiff's credit report and prohibit Defendant from engaging in future violations;
44. Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
45. Any other relief the Court may deem just and proper including interest.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE CCRAA

46. Cumulative actual damages pursuant to Calif. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

Complaint for Damages

47. Cumulative statutory damages of $5,000.00 for each violation for each Plaintiff, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

48. Injunctive relief to command Defendant to correct Plaintiff's credit reports and prohibit Defendant from engaging in future violations of Cal. Civ. Code § 1785.16, pursuant to Cal. Civ. Code § 1785.31(b);

49. Cumulative attorney fees and costs to maintain the instant action, pursuant to Cal. Civ. Code 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d);

50. Any other relief the Court may deem just and proper including interest.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date:  December 3, 2015                LAW OFFICE OF DANIEL G. SHAY

                                        By:  <u>s/ Daniel G. Shay</u>
                                        Daniel G. Shay, Esq.
                                        DanielShay@TCPAFDCPA.com